[Sac. No. 7917. In Bank. Mar. 23, 1973.]

LEGISLATURE OF THE STATE OF CALIFORNIA et al., Petitioners, v. ED REINECKE, as Lieutenant Governor, etc., et al., Respondents.

[Sac. No. 7919. In Bank. Mar. 23, 1973.]

EDMUND G. BROWN, JR., as Secretary of State, etc., Petitioner, v. RONALD REAGAN, as Governor, etc., Respondent.

[Sac. No. 7923. In Bank. Mar. 23, 1973.]

THIRTY TWO MEMBERS OF THE UNITED STATES HOUSE OF REPRESENTATIVES, Petitioners, v. RONALD REAGAN, as Governor, etc., et al., Respondents.

## OPINION

**THE COURT.**—In these cases we retained jurisdiction to draft new legislative and congressional reapportionment plans for the elections of 1974 through 1980 in the event that the Legislature did not enact valid reapportionment statutes in 1972. (*Legislature* v. *Reinecke* (1972) 6 Cal.3d 595, 604 [99 Cal.Rptr. 481, 492 P.2d 385] as modified (1972) 7 Cal.3d 92, 93 [101 Cal.Rptr. 552, 496 P.2d 464].) Since the Legislature did not enact such statutes in 1972 and since we lack any assurance that the Legislature will enact reapportionment measures in time for the 1974 elections, it is now incumbent upon us to exercise our retained jurisdiction.

In our opinion we pointed out that reapportionment "is an extremely complex matter, for innumerable plans could be adopted that would satisfy the one man, one vote requirement. Before this court, in the discharge of its duty to insure the electorate equal protection of the laws, undertakes to draft reapportionment plans of its own, it should afford all interested parties an opportunity to be heard. The court should be fully informed with respect to all of the possible criteria that might be adopted for reapportionment and with respect to all of the specific implementations of such criteria that might be ordered into effect." (6 Cal.3d at pp. 601-602.)

In accordance with the foregoing views we deem it appropriate to appoint three Special Masters and shall do so as soon as they have been selected.

The Masters shall hold public hearings to permit the presentation of evidence and argument with respect to the possible criteria of reapportionment and of proposed plans to carry out such criteria.

Following such hearings the Masters shall recommend to the court for possible adoption reapportionment plans which shall provide for 43 single member congressional districts, 40 single member Senate districts, and 80 single member Assembly districts. The Masters shall set forth the criteria underlying the plans they recommend for adoption and the reasons for their recommendations.

Subject to the approval of the court the Masters will be authorized to employ counsel, independent experts in the fields of reapportionment and computer technology, and other necessary personnel to assist them in their work. They will further be authorized to make use of data, computer processing, and technical assistance that may be made available to them from legislative staff and other state personnel who are knowledgeable in the mechanics of drafting reapportionment legislation.

The Administrative Office of the Courts shall assist the Masters in securing the necessary personnel and the physical facilities required for their work. It shall also prepare for prompt submission to the Governor and the Legislature a request for a special appropriation to augment the appropriations made for the support of the judiciary by the Budget Acts of 1972 and 1973 in order to reimburse those appropriations for the expenditures that must be made for the necessary expenses of the Masters and their staff.

Public hearings shall commence not later than 30 days from the date of the Masters' appointment, and the Masters shall present their recommendations to the court not later than August 31, 1973.

Permission for additional parties to intervene in these proceedings will not be granted, but any present parties may file briefs with the court within 30 days of the filing of the Masters' recommendations. Other interested persons may file briefs as amici curiae within the same period.

The matter will be set for oral argument shortly after the period for filing briefs expires.

If at any time during the proceedings contemplated by this order valid congressional and legislative reapportionment measures are enacted the court will entertain an application to dismiss these proceedings.